UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:17 cr 82 JVB-APR |
| | ) | |
| ADAM RUSSELL HEGYI | ) | |

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorney Jill R. Koster, the defendant, Adam Russell Hegyi, and Kevin Milner, as attorney for the defendant, to show the Court they have entered into a plea agreement as follows:

1. I, Adam Russell Hegyi, can read, write and speak the English language.

2. I have received a copy of the Indictment. I have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

    a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

    c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

    d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine

      them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

   e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

   f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

   g. In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

  6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

  7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

a.  I will plead guilty to Counts 1 and 2 of the Indictment charging me with Producing Child Pornography featuring A.S. (Count 1) and M.T. (Count 2) in violation of 18 U.S.C. § 2251(a) because I am in fact guilty of these offenses. I also agree to forfeit my interest in the computer and computer-related equipment identified in paragraph 7(h) below and I agree to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with its seizure or forfeiture.

b.  I understand that the possible penalties that may be imposed upon me for my offenses are listed below:

|         | Prison        | Fine      | Supervised Release |
|---------|---------------|-----------|--------------------|
| Count 1 | 15 to 30 years | $250,000 | 5 years to Life    |
| Count 2 | 15 to 30 years | $250,000 | 5 years to Life    |

I further understand that a special assessment of $200 will be imposed and is due and payable prior to my sentencing hearing.

c.  In exchange for my guilty plea to the charges of Producing Child Pornography in Counts 1 and 2 of the Indictment, and my other agreements set forth herein, the United States Attorney agrees to seek leave of Court at my sentencing hearing to dismiss Counts 3 through 6 of the Indictment, which charge me with Receiving and Distributing Child Pornography in violation of 18 U.S.C. § 2252(a)(2) (Counts 3 and 5), Transfer of Obscenity to a Minor in violation of 18 U.S.C. § 1470 (Count 4), and Online Stalking of A.S. in violation of 18 U.S.C. § 2261A(2)(B) and 2261(b)(5). The United States Attorney also agrees not to file any additional charges against me which could be brought based upon my conduct in the Northern District of Indiana which is related to this criminal investigation and currently known to the government.

d.  The United States Attorney further agrees that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense level. The United States Attorney agrees that I have assisted

        authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level. However, I understand that the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility.

e.    The United States Attorney and I have entered into the following agreements which <u>are binding</u> upon the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. I understand this means that if the Court refuses to give the sentence outlined below, <u>I will</u> be allowed to withdraw my guilty plea:

     i.    The United States Attorney and I agree that, based upon the facts of this case, and with full consideration of any factors to be considered under 18 U.S.C. § 3553(a), a sentence of 22.5 years of incarceration is a fair and reasonable sentence in this case and no grounds exist for an upward or downward departure or variance from that sentence of incarceration.

     ii.    The United States of America and I further agree to the imposition of a 17.5-year term of supervised release following my release from imprisonment.

f.    The United States Attorney and I have entered into the following additional agreements which <u>are not binding</u> upon the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of

Criminal Procedure. I understand this means that if the Court refuses to follow the recommendations set forth below, I <u>will not</u> be allowed to withdraw my guilty plea. I also understand that these additional agreements, which address how the U.S. Sentencing Guidelines apply to my conduct, are based upon the information presently available to the United States Attorney. If new information comes to light which bears upon these matters, I understand that the government is obligated to provide that information to the Court, and I agree not to argue that the government's compliance with this obligation constitutes a violation of this plea agreement:

i. Under Guideline § 2G2.1, my Base Offense is Level 32 pursuant to subsection (a), and the following specific offense characteristics apply to my conduct (Pursuant to § 3D1.2(d), I understand that my Guideline calculations for Counts 1 and 2 do not group because each count involved a different victim):

  A. The two-level increase under § 2G2.1(b)(1)(B) applies to Counts 1 and 2 because A.S. and M.T. had attained the age of 12 but had not attained the age of 16 at the time of my offenses;

  B. The two-level increase under § 2G2.1(b)(3) applies to Count 1 because I knowingly distributed depictions of A.S. engaging in sexually explicit conduct;

  C. The four-level increase under § 2G2.1(b)(4)(A) applies to Counts 1 and 2 because I produced images each of A.S. and M.T. engaging in sadistic or masochistic conduct;

  D. The two-level increase under § 2G2.1(b)(6) applies to Counts 1 and 2 because I used a computer to persuade A.S. and M.T. to engage in sexually explicit conduct; and

  E. The five-level increase under § 4B1.5(b)(1) applies to Counts 1 and 2 because my offense involved

        engaging in a pattern of activity involving prohibited sexual contact.

        Based on the above, the United States Attorney and I agree that I score out at Level 49 under the U.S. Sentencing Guidelines prior to application of any reduction based upon my acceptance of responsibility.

    ii.    I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense(s) as well as the full extent of my criminal history.

g.    I agree to pay restitution in the amount of $25,000 to victim A.S. and $25,000 to victim M.T. and that these amounts will be due and payable at the time of my sentencing. I agree that the payment of restitution to these victims is appropriate because my criminal activity in this case directly and proximately caused harm to these victims, requiring them to incur costs as defined in 18 U.S.C. § 2259(b)(3). The United States of America, upon consultation with the victims, agrees that these amounts constitute the "full amount" of the victims' losses. I understand that the issuance of a restitution order under the above section is mandatory and that the court may not decline to order restitution due to my inability to pay or due to the fact that a victim has, or is entitled to, receive compensation for her costs from the proceeds of insurance or any other source.

h.    I also agree to forfeit to the United States the following property: HP laptop computer, Model g7-1075dx, S/N CNF1152QGD; Purple Verbatim 16GB flash drive; Teal Lexar 16GB flash drive; Acer laptop computer, Model MS2377, S/N NXM8WAA0073200DBD32000; MSI computer motherboard with accessories, including a 120GB PNY CS1311 solid state hard drive; e-Machines desktop computer, Model ET1831, S/N PTNB602021003016012700; Pink 16GB Lexar USB drive; Sony MRW-EA7 multi-card reader/writer containing Lexar Platinum II 4GB compact flash card; Black and red SanDisk

        64GB USB drive, Cruzer slide; Compaq Presario, Model CQ61, S/N CNF0059TD3; and Samsung Galaxy S7 active, Model SM-G891A, IMEI 358518072206179. I acknowledge that this property is subject to forfeiture as property that was used and intended to be used to commit and to promote the commission of the offenses charged in Counts 1 and 2 of the Indictment. I further consent to the entry of orders of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2.

i.    I understand that by pleading guilty, I will be required to register as a sex offender upon my release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). I also understand that independent of supervised release, I will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout my life. I understand that I will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

j.    The United States Attorney and I agree to recommend that the Court order me to undergo a sex offender evaluation pursuant to 18 U.S.C. § 3552(b) upon my release from prison. I understand that it will be my obligation to secure this evaluation from a qualified mental health professional experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA). In this regard, I agree to waive any right to confidentiality and allow the provider conducting the psycho-sexual evaluation (and any subsequent treatment) to supply a written report(s) to the United States Probation Department, the Court and the United States Attorney.

k.    I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of

>the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under 18 U.S.C. § 3742 or any post-conviction proceeding, including but not limited to, a proceeding under 28 U.S.C. § 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe I am guilty of Counts 1 and 2 of the Indictment. I acknowledge that I am only providing a summary of the events herein. In connection with my guilty plea, I admit the following facts: Between on or about January 1, 2015 and June 6, 2017, here in the Northern District of Indiana and elsewhere, I attempted to and did knowingly employ, use, persuade, induce, entice, and coerce A.S. and M.T., both of whom were between the ages of twelve and sixteen at the time, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce. Specifically, I admit that I knowingly and intentionally captured, using a computer or smartphone connected to the Internet, sexually explicit depictions showing (and

focused on) the genitalia of both A.S. and M.T.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (a) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (b) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.


*/s/ Adam Russell Hegyi*       */s/ Kevin Milner*
Adam Russell Hegyi      Kevin Milner
Defendant      Attorney for Defendant


APPROVED:

    THOMAS L. KIRSCH, II
    United States Attorney


By:   *Jill R. Koster*
     Jill R. Koster
     Assistant U. S. Attorney