UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　　**Plaintiff,**<br><br>**vs.**<br><br>**ADAM RUSSELL HEGYI**<br><br>　　　　　　**Defendant.** | **CASE NUMBER: 2:17CR82-001**<br>**USM Number: 17058-027**<br><br>**KEVIN E MILNER**<br>**DEFENDANT'S ATTORNEY** |

JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to counts 1 and 2 of the Indictment on September 27, 2018.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:2251(a) PRODUCTION OF CHILD PORNOGRAPHY and SEXUAL EXPLOITATION FORFEITURE ALLEGATIONS | June 6, 2017 | 1-2 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 3-6 of the Indictment are dismissed on the motion of the United States.

Final order of forfeiture forthcoming.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

January 9, 2019
Date of Imposition of Judgment

s/ Joseph S. Van Bokkelen
Signature of Judge

Joseph S. Van Bokkelen, United States District Judge
Name and Title of Judge

January 10, 2019
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **270 months.**

The Court makes the following recommendations to the Bureau of Prisons:

 That the defendant be incarcerated in a federal facility in Marion, Illinois, and be able to participate in the Sex Offender Treatment Program, as well as a Residential Drug Treatment Program.

 Defendant be given credit for time served awaiting sentencing on this charge

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

 Defendant delivered _____ to _____ at _____,
with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **17 1/2 years.**

## CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following conditions:

1. Mr. Hegyi may not commit another federal, state, or local crime.

2. Mr. Hegyi may not unlawfully use, possess, or distribute a controlled substance.

3. Because of his drug abuse history, Mr. Hegyi must submit to one drug test within 14 days of beginning his supervision and up to two drug tests per month thereafter, as determined by the probation officer.

4. Mr. Hegyi must cooperate in the collection of his DNA sample as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000.

5. Mr. Hegyi must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, or is a student, or was convicted of a qualifying offense.

6. Within 72 hours of release from the custody of the Bureau of Prisons, Mr. Hegyi must report between the hours of 8:00 a.m. and 4:30 p.m. to the probation office in the district to which he is released.

7. Mr. Hegyi may not knowingly be outside the judicial district between the hours of 10:00 p.m. and 6:00 a.m. without the Court's or probation officer's permission. In any case, Mr. Hegyi may not knowingly travel more than 50 miles outside the judicial district without the Court's or probation officer's permission. The probation office will provide Mr. Hegyi a map describing the boundaries of the judicial district at the start of supervision. After 12 months of Mr. Hegyi being placed on supervision, the probation office must submit a report to the Court indicating whether the travel restrictions should be lifted or modified.

8. Mr. Hegyi must report to the probation officer in the manner and frequency as reasonably directed by the probation officer. However, he may be required to report in person at the probation office only between 8:00 a.m. and 4:30 p.m. on the days the probation office is open for business.

9. In all matters relating to his conditions of supervision, Mr. Hegyi must truthfully answer the probation officer's questions. This condition does not prevent Mr. Hegyi from invoking his Fifth Amendment privilege against self-incrimination.

10. Mr. Hegyi must follow the instructions of the probation officer as they relate to the conditions of supervision. Mr. Hegyi may petition the Court for relief or clarification regarding a condition he believes has become unreasonable.

11. Mr. Hegyi must live at a location approved by the probation officer.

12. If Mr. Hegyi plans to change where he lives or if the people he lives with change, he must inform the probation officer at least 14 days before the change. If informing the probation officer in advance is not possible due to unexpected circumstances, Mr. Hegyi must inform the probation officer as soon as possible, and no later than 72 hours after the change.

13. If Mr. Hegyi plans to change where he works or if his position, job responsibilities, or hours of employment change, Mr. Hegyi must inform the probation officer at least 14 days before the change. If informing the probation officer in advance is not possible due to unexpected circumstances, Mr. Hegyi must inform the probation officer within 72 hours after the change.

14. Mr. Hegyi must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. If Mr. Hegyi is unable to do so within 72 hours, he must give such notification as soon as the conditions preventing such notification no longer exist.

15. Mr. Hegyi must make reasonable efforts to obtain and maintain employment at a lawful occupation unless he is excused by the probation officer for schooling, training, or other acceptable reasons such as child care, elder care, disability, age, or serious health condition. If, within 12 weeks of being placed on supervision, Mr. Hegyi is not employed at the rate of at least 20 hours a week, or if his employment falls below the rate of 20 hours a week for a period of at least 12 weeks during the term of supervision, he must perform 16 hours of community service each week in which his employment remains below 20 hours a week; or participate in a job skills training and counseling program, daily job search, or other employment-related activities, at his own expense. The probation officer will supervise participation in any community service program by approving the program (agency, location, frequency of participation, etc.). This condition will expire after Mr. Hegyi performs a total of 400 hours of community service while on supervision.

16. Mr. Hegyi may not own or possess a firearm, ammunition, destructive device, or any other dangerous weapon. A dangerous weapon is an instrument that is specially designed as a weapon.

17. Mr. Hegyi may not knowingly and intentionally be in the presence of anyone who is illegally using or distributing a controlled substance, and if such activity commences when he is present, he must immediately leave the location. Mr. Hegyi may not knowingly and intentionally visit places where illegal controlled substances are distributed or used.

18. Mr. Hegyi may not knowingly meet, communicate, or otherwise interact with a person whom he knows to be engaged, or planning to be engaged, in criminal activity.

19. Mr. Hegyi may not engage in any meetings, communications, activities, or visits with any of the victims involved in this case or members of the families of such victims without prior approval from the Court.

20. Between the hours of 8:00 a.m. and 9:00 p.m., Mr. Hegyi must permit a probation officer to visit him at home or any other reasonable location and must permit confiscation of any contraband observed in plain view by the probation officer. A visit between the hours of 9:00 p.m. and 8:00 a.m. may be conducted only when the probation officer has a reasonable belief that Mr. Hegyi has violated a condition of supervision and that a visit during those hours would reveal information or contraband that would not be revealed by a visit at any other time. After 12 months of Mr. Hegyi being placed on supervision, the probation office should submit a report to the Court indicating whether this condition should be lifted or modified.

21. If any portion of the special assessment of $200 remains unpaid when Mr. Hegyi is released from prison, he must pay it within 28 days of his release, or, if financially unable to fulfill this requirement, he must arrange a payment schedule with the probation office.

22. Mr. Hegyi must pay any restitution that remains unpaid when he is released from prison in monthly installments of $200 until it is paid in full. Such payment schedule will begin 28 days after placement on supervision and will remain in effect until such time as the Court is notified by Mr. Hegyi, the victim, probation, or the government that there has been a material change in Mr. Hegyi's ability to pay.

23. Mr. Hegyi may not incur new credit charges or open additional lines of credit without the approval of the probation officer.

24. Upon the probation officer's request, Mr. Hegyi must provide the officer with any financial information regarding Mr. Hegyi's ability to pay restitution, forfeiture, or a fine, and must authorize the release of any financial information. The request must be in writing and prompted by Mr. Hegyi's failure to comply with a payment schedule ordered for a period of 60 consecutive days, and the request must describe the specific financial information needed for determining Mr. Hegyi's current ability to pay. The probation office will share Mr. Hegyi's financial information with the U.S. Attorney's Office.

25. Mr. Hegyi must notify the probation officer within 72 hours of any material change in his economic circumstances that might affect his ability to pay any Court-ordered financial obligation.

26. Mr. Hegyi may not transfer, give away, sell, or otherwise convey any asset valued at more than $500 without the approval of the probation officer.

27. Unless an assessment at the time of release from imprisonment indicates that participation is not necessary, Mr. Hegyi must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise his participation in the program (provider, location, modality, duration, intensity, etc.). Mr. Hegyi must pay the costs of the program if financially able. Mr. Hegyi must also submit to random blood-alcohol or breathalyzer testing.

28. Mr. Hegyi must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise his participation in the program (provider, location, modality, duration, intensity, etc.). Mr. Hegyi must pay the costs of the program if financially able. Mr. Hegyi must take all mental health medications that are prescribed by his treating physician. Mr. Hegyi must pay the costs of the medication if financially able.

29. Mr. Hegyi must refrain from knowingly using alcohol excessively. This includes "binge" drinking and "heavy" drinking. "Binge drinking" is defined as a pattern of drinking that brings blood alcohol concentration levels to 0.08 grams per deciliter or higher. Heavy drinking here means "consuming fifteen drinks or more per week," or any use of alcohol that materially adversely affects defendant's employment, relationships, or ability to comply with the conditions of supervision, or which results in the violation of any local, state, or federal laws including disorderly conduct, intoxication, or driving under the influence.

30. Mr. Hegyi may not knowingly and intentionally visit places where he knows or reasonably should know that girls under the age of 18 (not including his own children) are likely to be, except in the presence of an adult approved by probation; in the course of normal commercial business; or in cases of unintentional and incidental contact. Also, Mr. Hegyi may not knowingly or intentionally have verbal, written, or electronic communication with any girls under the age of 18 (not including his own children) without the approval of the probation officer, unless such communication is carried out in the course of normal commercial business or in cases of unintentional and incidental contact.

31. Mr. Hegyi may not view or possess any material depicting "sexually explicit conduct," as defined in 18 U.S.C. ' 2256(2), if recommended as part of any sex- offender treatment program he may be required to participate in.

32. Mr. Hegyi must participate in an approved psychological and behavioral testing, evaluation, and assessment program for the treatment and monitoring of sex offenders, and, if warranted, an approved sex-offender group and individual counseling program, as directed by the probation officer. Mr. Hegyi must pay the costs of this program if financially able.

33. Mr. Hegyi must allow the probation department, or its designees, to install computer-monitoring software on any computers as defined in 18 U.S.C. § 1030(e)(1) and phones that are within his possession and control. The probation department, or its designees, may monitor all aspects of Mr. Hegyi's computer or phone activity, except for the geolocation data. Moreover, phone voice conversation monitoring is limited to data collection as opposed to listening in or recording voice conversations. Before installation of software, Mr. Hegyi's computers and phones may be subjected to a search to identify the existence of illegal data. To ensure compliance with the monitoring condition, Mr. Hegyi must allow the probation officers, or their designees, to conduct periodic, unannounced monitoring of any computers and phones subject to this condition. Such monitoring will be conducted to determine whether the computers and phones contain any prohibited data; whether the monitoring software is functioning effectively; whether there have been attempts to circumvent the monitoring software; and to ensure compliance with supervision conditions and, if applicable, to ensure compliance with any sex offender treatment conditions or rules. Mr. Hegyi must warn others who use the computers and phones subject to this condition that these devices are monitored. Mr. Hegyi must pay the cost of the monitoring software and installation, if financially able to do so, at the monthly contractual rate.

34. Mr. Hegyi must, if required to register under the Sex Offender Registration and Notification Act, submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication and data storage devices and media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervision related to Mr. Hegyi's sex offender status or with a reasonable suspicion concerning unlawful conduct by Mr. Hegyi either related to a potential sex crime or of a sexual nature.

35. If the probation officer determines Mr. Hegyi poses a risk to another person (including an organization or members of the community), the probation officer may require Mr. Hegyi to tell the person about the risk, and Mr. Hegyi must comply with that instruction. Such notification may include advising the person about Mr. Hegyi's record of arrests and convictions and substance abuse. The probation officer may contact the person to confirm that Mr. Hegyi told the person about the risk.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|:---:|:---:|:---:|
| $200 | NONE | $50,000 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due within 14 days of entry of judgment.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $50,000 is hereby imposed, which is due within 14 days of the entry of judgment. Mr. Hegyi must pay any amount that remains unpaid upon his release from prison in monthly installments of $200 until it is paid in full. Such payment schedule will begin 28 days after placement on supervision and will remain in effect until such time as the Court is notified by Mr. Hegyi, the victims, probation or the government that there has been a material change in Mr. Hegyi's ability to pay.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, for the following payees in the amounts listed below. The Government shall file under seal the address to which the restitution payment shall be remitted and that filing shall be incorporated herein by this reference

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** |
|---|---:|---:|
| A.S. | $25,000.00 | $25,000.00 |
| M.T. | $25,000.00 | $25,000.00 |
| **Totals** | $50,000.00 | $50,000.00 |

.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

**HP laptop computer, Model g7-1075dx, SN CNF1152QGD;**

**Purple Verbatim 16GB flash drive;**

**Teal Lexar 16GB flash drive;**

**Acer laptop computer, Model MS2377, SN NXM8WAA0073200DBD32000;**

**MSI computer motherboard with accessories, including a 120GB PNY CS1311 solid state hard drive;**

**E-Machines desktop computer, Model ET1831, SN PTNB602021003016012700**

**Pink 16GB Lexar USB drive;**

**Sony MRW-EA7 multi-card/writer containing Lexar Platinum II 4GB compact flash card;**

**Black and red SanDisk 64GB USB drive, Cruzer slide;**

**Compaq Presario, Model CQ61, SN CNF0059TD3; and**

**Samsung Galaxy S7 active, Model SM-G891A, IMEI 358518072206179.**

Case Number: 2:17CR82-001  
Defendant: ADAM RUSSELL HEGYI  
Page 9 of 9

Name: <u>ADAM RUSSELL HEGYI</u>  
Docket No.: <u>2:17CR82-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____  
Defendant                                                         Date

_____    _____  
U.S. Probation Officer/Designated Witness      Date