UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ADAM RUSSELL HEGYI, )<br>    Defendant. ) | CAUSE NO.: 2:17-CR-82-JVB-APR |

## OPINION AND ORDER

This matter is before the Court on an Emergency Motion for Compassionate Release Due to the COVID-19 Pandemic [DE 85], filed by Defendant Adam Hegyi, *pro se*, on November 20, 2020. The Government filed a response on December 2, 2020.

### BACKGROUND

On June 2, 2017, a Complaint was filed alleging that Defendant violated 18 U.S.C. §§ 1470 and 2261A(2). Defendant was arrested on June 6, 2017, pursuant to an arrest warrant. He was held without bond pending trial. On July 19, 2017, an Indictment was filed, charging Defendant with two counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and one count each of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), transfer of obscenity in violation of 18 U.S.C. § 1470, distribution of child pornography in violation of 18 U.S.C. § 2255(a)(2), and online stalking in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5).

On September 27, 2018, Defendant pled guilty to the two counts of production of child pornography pursuant to a plea agreement. At the January 9, 2019 sentencing hearing, the Court dismissed the remaining counts on the Government's motion, and sentenced Defendant to 270 months imprisonment and 17.5 years supervised release on the counts to which Defendant pled

guilty. Defendant is currently confined at the United States Penitentiary in Marion, Illinois (USP-Marion). His anticipated release date is August 7, 2036.

This is Defendant's second motion seeking compassionate release due to COVID-19. His first motion was denied by the Court on June 24, 2020. [DE 76]. After the instant motion was filed, the Court referred it to the Federal Community Defenders Office to consider whether to file a supplemental brief in support of the motion. The office declined to do so.

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements.

### A. Administrative Exhaustion

The administrative exhaustion requirement is satisfied "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582 (c)(1)(A). It is not apparent that Defendant has satisfied this requirement. As with his previous motion, the Court declines to determine Defendant's compliance with the requirement because the instant motion is denied for other reasons. *See United States v. Barnes*, No. 1:06-CR-23-HAB, 2020 WL 6129206, at *2 (N.D. Ind. Oct. 19, 2020) (citing *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015)).

2

## B. Extraordinary and Compelling Circumstances

Congress tasked the Sentencing Commission with promulgating a policy statement on § 3582(c)(1)(A) and the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The guidelines manual provides that the Court must determine that "the defendant is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13(2). The policy statement, found in the application notes to § 1B1.13 of the United States Sentencing Guidelines Manual, provides, as is relevant here, that a defendant's medical condition is an extraordinary and compelling reason when the defendant's serious physical or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant is not expected to recover from the condition. *Id.* at § 1B1.13 cmt. 1.[1]

In his previous motion, Defendant cited a heart murmur, shortness of breath, chronic bronchitis, and a chronic fungal skin infection as medical conditions that supported his case for compassionate release. In denying the motion, the Court acknowledged Defendant's skin condition but found that the medical records did not support Defendant's assertions of a heart murmur, shortness of breath, or bronchitis. The Court also considered the sentencing factors of 18 U.S.C. § 3553(a). In brief, the Court explained that the nature and circumstances of the offenses – soliciting pornographic images and video from minors, including an extensive campaign of extortion and harassment against a 13-year-old girl – weighed against compassionate release. The Court further noted that he had served less than 15 percent of his 270-month sentence, that he had declined to participate in sex offender counseling in prison, and that he continued to pose a danger to victims and the community.

---

[1] The policy statement does not reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

Defendant's situation has not substantially changed since then. In the instant motion, he further alleges that he has "underdeveloped lungs" and "diminished lung capacity" due to his premature birth. Defendant attaches what appears to be a page from a bond report, indicating that his mother reported he "suffered from a heart murmur as an infant." Mot. Ex. A [DE 85-2]. Updated medical records, provided by the Government in response to the motion, do not indicate that he has diminished lung capacity, or that any of his alleged conditions are so serious that he would be unable to provide self-care at the facility. *See* Resp. Ex. 1 [DE 88-1].

USP-Marion, where Defendant is housed, has suffered an outbreak of COVID-19. Of 1,200 inmates, the BOP classifies 146 inmates and 18 staff as "positive" for the coronavirus, with 412 inmates and 19 staff having "recovered" since the pandemic began. *See* https://www.bop.gov/coronavirus/ (last visited December 3, 2020). However, the presence of COVID-19 in a prison, even in large numbers, does not justify compassionate release on its own. *See, e.g., United States v. Buchanan*, No. 1:18-CR-21-HAB, 2020 WL 3790589, at *1 (N.D. Ind. July 7, 2020) (denying compassionate release despite 360 active cases of COVID-19 at prison); *see also United States v. Collins,* No. 14-CR-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). The Court again concludes that Defendant's alleged medical conditions, and the circumstances of his crime and sentencing, do not warrant compassionate release.

In denying Defendant's motion, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

**CONCLUSION**

For the foregoing reasons, the Court hereby **DENIES** the Emergency Motion for Compassionate Release Due to the COVID-19 Pandemic [DE 85].

SO ORDERED on December 4, 2020.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT