UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>        Plaintiff,  )<br>        )<br>   v.  )<br>        )<br>ADAM RUSSELL HEGYI,  )<br>        Defendant.  ) | CAUSE NO.:  2:17-CR-82-JVB-APR<br>               2:20-CV-14-JVB |

### ORDER

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [DE 56] filed on January 13, 2020, a Motion for an Evidentiary Hearing [DE 67] filed May 11, 2020, and a Motion to Proceed In Forma Pauperis [DE 80] filed on July 27, 2020. On June 2, 2021, Magistrate Judge Rodovich issued an order recommending that the § 2255 motion be denied. For the reasons below, Judge Rodovich's recommendation is adopted and all three of Hegyi's motions are denied.

Hegyi's motions are filed under this criminal cause of action. *In forma pauperis* status is not needed for Hegyi to pursue relief under § 2255. Thus, the motion to proceed *in forma pauperis* is denied.

Judge Rodovich issued his recommendation on June 2, 2021. The parties were given notice that they had fourteen days in which to file objections to the report and recommendation. No party has filed objections.

Hegyi argues that he should be given relief under § 2255 because his counsel was ineffective. He argues that counsel did not challenge the forced unlocking of his cellphone with his fingerprint, did not challenge the seizure of a firearm, marijuana, and paraphernalia during the execution of a search warrant, did not investigate whether the victims lied to Hegyi regarding their

ages, and did not challenge an enhancement applied at sentencing. Judge Rodovich recommends that the Court deny Hegyi's petition under § 2255 because the forced application of the fingerprint was within the scope of the search warrant, the firearm, marijuana, and paraphernalia seizures did not lead to any charges, and Hegyi admitted under oath that the victims were underage and that the sentencing enhancement applied. Further, Judge Rodovich notes that Hegyi has not alleged that his guilty plea was not knowingly and intelligently made.

Having reviewed the report and recommendation, the Court finds no clear error. Therefore, noting the lack of objection, the Court adopts Judge Rodovich's recommendation.

Hegyi has requested an evidentiary hearing, but, as discussed above and in Judge Rodovich's recommendation, Hegyi has not alleged facts that, if true, entitle him to relief under § 2255 regarding the fingerprint and seizures. Regarding the age of the victims and the sentencing enhancement, Hegyi has already had the opportunity to make statements under oath on these matters. Therefore, the Court does not need to hold an evidentiary hearing to determine whether Hegyi's factual allegations are true.

Section 102 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253. Hegyi has not made such a substantial showing, so the Court declines to enter a certificate of appealability.

## CONCLUSION

Based on the foregoing, the Court hereby:

(1) **DENIES** the Motion to Proceed In Forma Pauperis [DE 80],

(2) **DENIES** the Motion for an Evidentiary Hearing [DE 67],

(3) **ADOPTS** the Recommendation of Magistrate Judge Rodovich [DE 102],

(4) **DENIES** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [DE 56], and

(5) **DECLINES** to enter a certificate of appealability.

SO ORDERED on June 25, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT
